**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSE SAINT JACQUES, | : | Civil No. 1:21-cv-1144 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF HOMELAND | : | |
| SECURITY, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Jesse Saint Jacques is an immigration detainee in the custody of the

United States Department of Homeland Security, Immigration and Customs Enforcement

(ICE). According to Respondents, he is currently being detained at the Krome North

Service Processing Center in Miami, Florida.[1] Last month, Saint Jacques commenced this

action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He

seeks immediate release from detention or, alternatively, an individualized bond hearing.

Saint Jacques' petition is fully briefed and ripe for resolution. For the reasons set forth

below, the Court will deny habeas relief.

---

[1]    At the time that Saint Jacques filed the instant habeas corpus petition, he was being detained at the York County Prison, located in the Middle District of Pennsylvania.

I.   **Factual Background**

Saint Jacques is a citizen and native of Haiti.  (*See* Doc. 1 at p. 3; Doc. 12-1 at p. 3).

He became a lawful permanent resident of the United States in January 2010.  (Doc. 1 at p.

3; Doc. 12-1 at p. 3).  In August and September 2019, Saint Jacques was convicted in state

court for terroristic threats, in violation of Section 2706(a)(1) of Title 18 of the Pennsylvania

Consolidated Statutes.  (Doc. 12-1 at pp. 3, 6).  He was sentenced to 36 months'

incarceration and 23 months' incarceration, respectively.  (*Id.* at p. 8).  Following release

from prison, Saint Jacques was taken into ICE custody on August 3, 2020.  (*Id.* at p. 7).

Saint Jacques was charged as removable under Sections 237(a)(2)(A)(ii) and (iii) of

the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii)-(iii).  (Doc. 12-1 at p. 9).  He

challenged his removal, but his claim[2] was denied by an immigration judge on March 5,

2021, and he was ordered removed to Haiti.  (*Id.* at pp. 13-14).  He appealed this decision

to the Board of Immigration Appeals (BIA), (Doc. 12-1 at 25-28), which appeal remains

pending, (*see* Doc. 12 at 3).

Saint Jacques and Respondents agree that he is being detained pursuant to 8

U.S.C. § 1226(c).  (*See* Doc. 1 at p. 4; Doc. 12 at 3-4).  And it is undisputed that he has

been detained by ICE for slightly less than 14 months.  The gravamen of Saint Jacques'

_____

[2]     Saint Jacques initially sought to avoid removal through an application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT).  (Doc. 12-1 at 19). However, he subsequently withdrew his claims for asylum and withholding of removal and pursued relief only under CAT.  (*Id.*).

habeas petition is that his mandatory, pre-removal detention without a bail hearing has become unreasonable and thus unconstitutional.

## II.   Legal Standard

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Because Saint Jacques filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.  *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

## III.   Discussion

In *Jennings v. Rodriguez*, __ U.S. __, 138 S. Ct. 830 (2018), the Supreme Court of the United States rejected the premise that 8 U.S.C. § 1226(c) contains an implicit time limit for pre-removal detention.  *Jennings*, 138 S. Ct. at 846-47.  The United States Court of Appeals for the Third Circuit, however, has explained that *Jennings* "did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long."  *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).  Thus, "even after *Jennings*, an alien lawfully present but detained under § 1226(c) can still

3

challenge his detention under the Due Process Clause." *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020).

When reviewing such as-applied challenges to the constitutionality of continued mandatory detention under Section 1226(c), "[t]he most important factor is the duration of detention." *See id.* at 211.  Additionally, the Court must consider the other circumstances of detention, including: (1) "whether the detention is likely to continue"; (2) "the reasons for the delay, such as a detainee's request for continuances"; and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)). There is no "bright-line" threshold for reasonableness; rather, whether continued detention is reasonable is a "highly fact-specific" inquiry. *Id.* at 210 (quoting *Chavez-Alvarez*, 783 F.3d at 474).

At the outset, the Court notes that it cannot grant Saint Jacques' requested relief of immediate release from custody.  Rather, the Court is limited to resolving whether, under the *German Santos* factors, Saint Jacques is entitled to an individualized bond hearing to determine if "detention is still necessary to fulfill [Section 1226(c)]'s purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231.  The Court will take each factor in turn.

With respect to the first, and most important, consideration—duration of detention— Saint Jacques has been detained in ICE custody since August 4, 2020, a little less than 14

4

months. District courts in this circuit have frequently found that detention under Section 1226(c) for just over a year does not, in itself, amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief. *See Gabriel v. Barr*, No. 1:20-cv-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (collecting cases). The decisions cited in *Gabriel* stand in contrast to cases where detention was approaching, or exceeded, two years in length. *See, e.g.*, *German Santos*, 965 F.3d at 212 (two-and-a-half years' detention); *Clarke v. Doll*, No. 3:20-cv-31, 2020 WL 4933696, at *1 (M.D. Pa. Aug. 24, 2020) (20 months); *Chikerema v. Lowe*, No. 1:18-cv-1031, 2019 WL 3891086, (M.D. Pa. Aug. 19, 2019) (over 20 months): *Vega v. Doll*, No. 3:17-cv-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (Mannion, J.) (21 months). Consequently, Saint Jacques' duration of detention—less than 14 months—does not weigh in favor of relief.

As to whether detention will continue, the Court finds that Saint Jacques' detention will likely continue into the foreseeable future. His appeal is still pending before the BIA, and even if he were to receive an unfavorable decision from the BIA, he could then seek relief from the Third Circuit. *See* 8 U.S.C. § 1252(a)(5). This factor supports a finding of unreasonableness. *See German Santos*, 965 F.3d at 212.

The reasons for delay provide no support for Saint Jacques' petition. There is no evidence that the government has unreasonably delayed the immigration proceedings, nor that Saint Jacques is operating in anything other than good faith in his pursuit of relief from removal. Saint Jacques notes that the Covid-19 pandemic resulted in multiple

continuances, (*see* Doc. 1 at p. 4), but such delay was unavoidable and cannot be attributed to either party.  Consequently, this factor does not advance Saint Jacques' as-applied challenge.

The final factor to be considered is whether the petitioner's conditions of confinement are "'meaningfully different' from criminal punishment."  *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478).  Respondents provide no evidence, details, or elucidation on Saint Jacques' current conditions of confinement other than to state that he is "not in a cell let alone a prison[; h]e is in an ICE detention center."  (Doc. 12 at 17).  While that may be true, Respondents do not explain how such detention-center conditions differ from those found in a prison setting.  Nevertheless, it must also be noted that Saint Jacques has failed to even mention this factor.  Accordingly, this final consideration does not support either side's argument.

When reviewing the totality of the circumstances, as discussed above, the Court concludes that relief is not warranted.  The *German Santos* factors, on whole, do not militate in favor of finding that Saint Jacques' continued mandatory detention under Section 1226(c) is unreasonable and thus unconstitutional.  Only one of the four factors supports Saint Jacques' claim.  Nonetheless, should this detention become prolonged to the point where it does become unreasonable, Saint Jacques may file a new Section 2241 petition in the appropriate court.

## IV.   Conclusion

The Court will deny Saint Jacques' petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to his right to file a new petition in the appropriate court should his detention become unreasonable.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 29, 2021